IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BARRY KOONCE,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 4:19-cv-428 |
| | § | |
| **CITY OF TOM BEAN, TEXAS,** and | § | |
| **ZACH SMITH,** | § | |
| Defendants. | | |

**COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Barry Koonce (hereinafter "Plaintiff"), complaining of and about the City of Tom Bean, Texas, (hereinafter "City"), and Zach Smith (hereinafter "Smith") (hereinafter collectively "Defendants"), and for cause of action would respectfully show the Court as follows:

1. This suit is an action for damages sustained by Barry Koonce who is a citizen of the United States of America against Zach Smith and the officers and officials of the City of Tom Bean, Texas, and the Tom Bean Police Department (hereinafter "TBPD") who were the policy makers responsible for the selection, hiring, training, disciplining, supervising, and educating of Officer Smith.

2. At all times relevant hereto, and in all the actions described herein, Defendant Smith was acting under color of state law and pursuant to his authority as police personnel.

3. At all times relevant hereto, and in all of the actions described herein, Defendant City and the TBPD acted under color of state law and authorized the actions of Defendant Smith.

**I. JURISDICTION**

4. This case is brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fifth and Fourteenth Amendments of the United States Constitution. The allegations asserted against the Defendants occurred under color of state law and involve federal questions.

## II. PARTIES

5. Barry Koonce is a resident of Fannin County, Texas, and a citizen of the United States of America.

6. The City of Tom Bean, Texas is a municipality of the State of Texas, employed Defendant Smith, and was responsible for the hiring, training, disciplining, educating, supervising, and selection of Defendant Smith as a police officer. Defendant City may be served by serving Sherry E. Howard, Mayor, 201 S. Britton Street, Tom Bean, Texas 75489.

7. Zach Smith was a police officer employed by the City of Tom Bean, Texas, at the time in question. At all times relevant, Defendant Smith was acting as a representative, agent, servant or employee of Defendant City. Defendant Smith is sued in his individual and official capacities. Upon information and belief, Defendant Smith is a resident of the Sherman Division of the Eastern District of Texas and may be served at his place of employment, Tom Bean Police Department, 201 S. Britton Street, Tom Bean, Texas 75489.

## III. NOTICE

8. On March 18, 2019, counsel for Plaintiff, pursuant to Section 101.101 of the TEXAS TORT CLAIMS ACT and other applicable statutes and ordinances, forwarded written notice of Plaintiff's claims to the Mayor of the City of Tom Bean.

## IV. FACTS

9. On or about February 1, 2019, Plaintiff was traveling east on Highway 11 near Tom Bean, Texas. Plaintiff was traveling at 65 miles per hour at the time. This was the posted speed limit.

10. He met a Tom Bean Police Department ("TBPD") vehicle traveling west. The TBPD vehicle made a U-turn and followed Plaintiff.

11. Plaintiff began slowing down when he saw the sign indicated the beginning of a 55 mph zone. As he reached the sign, the TBPD vehicle lights came on and Plaintiff immediately pulled over.

12. Plaintiff exited his truck with his license out. The officer, later identified as Corporal Zach Smith, was in his vehicle with his gun drawn. Smith took Plaintiff's license and told him to wait behind his vehicle.

13. The TBPD Chief of Police Tim Green arrived a few minutes later and pulled in behind Smith.

14. Smith stepped out of his vehicle and told Plaintiff to walk toward him and to remove his hands from his pockets. Plaintiff complied with these requests.

15. Plaintiff was asked to sign his ticket and did so. A true and correct copy is attached hereto as Exhibit A.

16. Smith then told Plaintiff if he ever got out of his vehicle again in Tom Bean that he, Cpl. Smith, would shoot him and leave him bleeding out on the highway.

17. Smith subsequently admitted to Plaintiff's son-in-law, Phillip Guthrie, that he had said this but he would try and get the ticket dismissed if the court clerk would let him.

18. The audio-video recording of the incident confirms Plaintiff's ordeal. In fact, Smith is recorded telling the dispatcher that Plaintiff was "going to get himself shot."

19. Smith's conduct constitutes a violation of Sections 22.01, *et seq*. and 22.02, *et seq*. of the TEXAS PENAL CODE.

20. It is a felony pursuant to Section 22.02(a)(2) because a deadly weapon was exhibited.

### V. CAUSES OF ACTION

21. Plaintiff incorporates all of the allegations set forth above, and would further show the Court

that Defendants are liable on the following causes of action, pled in the alternative when necessary:

22. The hereinabove described actions and omissions engaged under color of state law by Defendants proximately caused the deprivation of Plaintiff's rights given to his by the Constitution of the United States of America including, but not limited to, his Fifth and Fourteenth Amendment rights to due process, including the right to be free from excessive and unjustified force.

23. At all times relevant, the actions of Smith were in compliance with the actual customs, policies, practices, and procedures of the TBPD and the City.

24. The customs, policies, practices, and procedures of the City and the TBPD that proximately caused the injuries suffered by Plaintiff include, but are not limited to the following:

    a) failing to properly and adequately supervise officers participating in law enforcement activity for the City and the TBPD.

    b) failing to properly and adequately train officers participating in law enforcement activity for the City and the TBPD .

    c) failing to property and adequately educate officers participating in law enforcement activity for the City and the TBPD.

    d) failing to properly and adequately determine the competency and ability of officers to act as law enforcement officers prior to hiring such officers for the TBPD and the City.

    e) failing to adequately discipline officers involved in the deprivation of citizen's constitutional rights and failing to implement any policies or procedures that would prevent the re-occurrence of situations similar to the one in the present case.

25.     The above-described customs, policies, practices, and procedures of the Defendants amounted to a deliberate indifference to the constitutional rights of Plaintiff.  Plaintiff would further state that the need for proper training, supervision, education, and proper background check is so obvious that the inadequacies of Defendants' customs, policies, practices, and procedures in that regard are so likely to result in the violation of citizens' constitutional rights that the policy makers of the City can reasonably be said to have been deliberately indifferent to those rights of citizens.

26.     At all times relevant hereto, the City and the TBPD were the official policy makers of those customs, policies, practices, and procedures.  Said customs, policies, practices, and procedures amount to gross negligence, conscious and deliberate indifference of the constitutional rights of Plaintiff, and were the proximate cause of the deprivation of Plaintiff's rights and of the damages which he sustained.

27.     Plaintiff incorporates herein the allegations set forth above and would further show the Court as follows:

28.     On the occasion in question, Smith acted negligently by failing to act as reasonable and prudent police officers would have acted under the same or similar circumstances.  Smith's acts and omissions proximately caused mental suffering, humiliation, embarrassment, and grief to Plaintiff as more fully set forth in the damages portion of this complaint.

29.     On the occasion in question, Defendant City and the TBPD negligently supervised Smith in the execution of his duties as police officer of the City.  The City and the TBPD's failure to adequately and properly train and supervise Smith proximately caused mental suffering, humiliation, and grief to Plaintiff as more fully set forth in the damages portion of this complaint.

**Complaint** - Page 5
d:\federal\koonce\complaint.01\043019\jrh

30.     All of the Defendants' acts and omissions in regard to the factual events as alleged above also constitute gross negligence in that the acts and omissions by the Defendants were unjustifiable and likely to cause serious harm and, in fact, did cause serious harm to Plaintiff as more fully set forth in the damages portion of this complaint.  As a result of the Defendants' gross negligence, Plaintiff is entitled to the recovery of exemplary damages in a sum to be determined by the jury.

31.     Moreover, the foregoing conduct of Defendants was willful, wanton, and malicious, thereby entitling Plaintiff to the recovery of exemplary damages in a sum to be determined by the jury.

32.     As a proximate result of the foregoing acts of Smith, the City, and the TBPD, Plaintiff has been injured in that he suffered great mental anguish, sustained injury to his social reputation and character, was severely embarrassed and humiliated, all to Plaintiff's damage in a sum far in excess of the minimum jurisdictional limits of the Court.

33.     Moreover, the foregoing conduct of Smith, the City, and the TBPD was willful, wanton, and malicious, thereby entitling Plaintiff to the recovery of exemplary damages in a sum to be determined by the jury.

34.     Defendants intentionally inflicted emotional distress upon Plaintiff through their extreme and outrageous conduct in threatening Plaintiff without probable cause.  Alternatively, Plaintiff would show that Defendants acted recklessly in inflicting emotional distress upon Plaintiff by engaging in conduct which Defendants knew, or had reason to know, created a high degree of risk of harm to another, and that Defendants deliberately proceeded to act, or failed to act, in conscious disregard of that risk.  Defendant Smith's conduct caused Plaintiff to suffer severe mental anguish and distress as more fully set forth in the damages portion of this complaint.

35.     Plaintiff would show that Smith acted with malice in that he engaged in conduct specifically intended to cause substantial injury to Plaintiff, or in the alternative, acted with a flagrant disregard

for the rights of others and with actual awareness that his actions would, in reasonable probability, result in great harm. As a result of Smith's malicious acts, Plaintiff is entitled to the recovery of exemplary damages in a sum to be determined by the jury.

36. Plaintiff would further show that in addition to being directly liable to him for their acts and omissions, the City is also liable for the acts and omissions of Smith under the doctrine of respondeat superior.

37. Plaintiff would show that he has been deprived of his constitutional rights pursuant to an official policy, custom, practice, and procedure of the City and the TBPD.

## VI. DAMAGES

38. Plaintiff suffered injury to his feelings, reputation, health, and character. He was generally impaired in his social standing in the community and suffered great embarrassment, humiliation, and mental anguish and suffering. As a result of all of the Defendants' acts and omissions, Plaintiff has recurring anxiety and vexation. As the result of the Defendants' acts and omissions, Plaintiff was forced to suffer the indignity and humiliation of answering questions from friends and acquaintances.

39. Moreover, Smith acted willfully, wantonly, and maliciously, and the City and the TBPD were grossly negligent, thereby entitling Plaintiff to the recovery of exemplary damages against each of the Defendants, individually, in a sum to be determined by the jury.

40. Because of the actions of the Defendants, as more fully set forth above, Plaintiff has incurred reasonable attorney's fees for which he seeks recovery pursuant to 42 U.S.C. § 1988 and any other authority statutory or otherwise, which entitled Plaintiff to recover attorney's fees for the Defendants' actions.

## VII. JURY DEMAND

41. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

1. Judgment against Defendants, jointly and severally, for a sum in excess of the minimum jurisdictional limits of this Court;

2. Prejudgment interest as provided by law;

3. An award of exemplary damages against Defendants, jointly and severally, in a sum to be determined by a jury;

4. Post-judgment interest as provided by law;

5. Costs of suit;

6. Attorneys' fees; and

7. Such other and further relief, whether general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


  /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**